495 P.2d 1342

ARIZONA STATE TAX COMMISSION, a body corporate and politic, et al., Appellants,

v.

Castle O. REISER, Appellee.

No. 1 CA–CIV 1603.

Court of Appeals of Arizona, Division 1, Department B.

April 24, 1972.

Review Granted June 20, 1972.

Gary K. Nelson, Atty. Gen., by Leonard M. Bell, Asst. Atty. Gen., Phoenix, for appellants.

· Jennings, Strouss & Salmon, by Lee E. Esch, and, Charles L. Strouss, Jr., Phoenix, for appellee.

JACOBSON, Judge.

In our original opinion issued in this matter (Arizona State Tax Commission v. Reiser, 16 Ariz.App. 374, 493 P.2d 920 (1972), we declined to consider a contention made by the Commission that the Board of Regents was not an employer under A.R.S. § 43–112, subsec. b, par. 6 on the grounds that the matter was raised for the first time on appeal. At the time of that opinion our review of the written memoranda submitted to the trial court failed to disclose the presence of this issue before that court.

In the Commission's motion for rehearing, it is pointed out that this issue was in fact orally argued before the trial court, although written memoranda were not presented. The taxpayer's objections to the motion for rehearing does not refute this contention.

■ Without determining in all cases that this court will consider orally presented issues outside the written record before the trial court, we are inclined to rule on this issue in this case, as it may have some general interest.

The Commission's contention in this regard is that for an employee to gain the benefit of the exclusion from gross income of the cost of annuities purchased in his behalf under A.R.S. § 43–112, subsec. b, par. 6, he must be employed by an employer-taxpayer exempt under A.R.S. § 43–147, subsec. a, par. 4. Since the Board of Regents, the argument continues, is a public agency of this state (Board of Regents of Universities, etc. v. City of Tempe, 88 Ariz. 299, 356 P.2d 399 (1960)), it is not a taxpayer, and hence its employees are not entitled to the annuity exclusion.

The fallacy in the Commission's argument is that the employee must be employed by a *taxpayer* to be entitled to the exemption. We find no such requirement under the statute. A.R.S. § 43–112, subsec. b, par. 6, (the statute granting the exclusion in this case), provides that the exclusion from gross income of purchases of annuity contracts is available to an employee if the contract "is purchased for an employee by an employer exempt under § 43–147(a) (4) . . ." There is no contention that the Board of Regents is not in fact an "employer".

■ A.R.S. § 43–147, subsec. a, par. 4 provides that "[c]orporations organized and operated exclusively for . . . educational purposes . . ." are exempt from taxation. A.R.S. § 15–724 provides that "[t]he board of regents *shall be a body corporate* with perpetual succession. . . ." (emphasis added). Therefore, there is no doubt that the Board of Regents is in fact a "corporation" and the Commission does not question that it is "organized and operated exclusively for . . . educational purposes." It would appear then, that the Board of Regents qualifies on all counts required by the statutes. Nowhere does A.R.S. § 43–112, subsec. b, par. 6 or A.R.S. § 43–147, subsec. a, par. 4 provide that in addition to the requirements set forth therein that the employer must in addition be a *taxpayer* in order for its employees to exclude from gross income annuities purchased for them. We see no reason, either legally or logically, why this court should supply such a requirement. We therefore hold that the Board of Regents is an "employer" within the meaning of A.R.S. § 43–112, subsec. b, par. 6.

We have examined the other issues raised by the motion for rehearing, but decline to change our previous opinion, therefore the motion for rehearing is denied.

HAIRE, C. J., and EUBANK, J., concur.